# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

September 2, 2021

**Via Email and ECF**
The Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:     United States v. Kyle Balkissoon, 21-CR-186 (EK)

Dear Judge Komitee:

I write to reply to the government's Memorandum of Law in Opposition ("Opp."), ECF No. 14, to Mr. Balkissoon's Motion to Suppress ("Mot.") physical evidence and statements. ECF No. 12.  A suppression hearing is scheduled for Wednesday, October 6, 2021, at 9:30 A.M. Mr. Balkissoon has presented material issues of fact on a contested issue of law requiring an evidentiary hearing.  This Court should hold the hearing as scheduled.

I.      The Parties Dispute Dispositive Issues of Material Fact.

The government argues that Mr. Balkissoon is not entitled to a hearing on his motion because "there is no material factual dispute that the Court must resolve to decide the legality of the stop and search of the Mercedes."  Opp. at 22-23.  The government is wrong.  The government's legal theories opposing suppression rest purely on factual allegations that are in stark dispute.

*First*, the government asserts that Mr. Balkissoon "sat with the windows down on a cold winter morning with rolling papers on his lap," Opp. at 2, that he "appeared to be rolling a marijuana cigarette," Opp. at 3-4, and "the defendant was about to smoke the marijuana when they approached his vehicle."  Opp. at 13.  Mr. Balkissoon flatly denies these allegations, and they are contested by the physical evidence.  In his sworn affidavit—by contrast, the government's allegations are unsworn hearsay—Mr. Balkissoon confirms that he was neither rolling a marijuana cigarette nor about to smoke one: "There was no loose [...] marijuana in my car," a necessary precondition to the rolling of a joint and the imminent smoking of marijuana. Mot. Ex. B at ¶ 3.  Neither does Mr. Balkissoon admit that there were rolling papers in his lap.

At a minimum, the physical evidence creates a dispute of material fact; alternatively, it supports Mr. Balkissoon's contentions.  Though they were wearing body cameras, none of the six

officers turned them on to record the supposed rolling of the marijuana cigarette, or the car stop at all. Further, the government carefully documented the contents recovered from Mr. Balkissoon's car photographically and in written property clerk invoices. None indicate the seizure of rolling papers. *See* Ex. A (voucher for pistol, magazine and five cartridges); Ex. B (marijuana and scale); Ex. C (black cloth bag); Ex. D (iPhone and case); Ex. E (two backpacks, eyeglass case, battery powerpack, headphones, white charging cable, multicolored charging blocks, three notebooks, three cell phones, 92 miscellaneous papers, learner's permit, interim license); Ex. F (Mercedes-Benz); Ex. G (photograph of recovered items). One would reasonably assume that if the officers vouchers headphones and phone charging cables as "arrest evidence," they would have vouchered the rolling papers central to their basis for the stop, if they had in fact seized them.

And though the officers claim that Mr. Balkissoon was "about to smoke the marijuana" because they "smelled the odor of marijuana emanating from the vehicle's two open windows as they approached the car," they failed to recover any marijuana cigarette at all, nor any loose, burnt, or burning marijuana. Indeed, the small commercial package of marijuana they recovered was factory sealed, and therefore impossible to be the source of the alleged odor:



Opp. Ex. D1. This impacts the credibility of the officers' allegations. Because the government's basis for stopping and searching the car rest on the officers' unsupported allegation that they observed Mr. Balkissoon rolling a marijuana cigarette, and imminently about to smoke it, as denied by the defendant, the Court must resolve this dispute through examination and cross-examination at an evidentiary hearing.

*Second*, the government's search-incident-to-arrest theory depends on Mr. Balkissoon's physical proximity to the gun—recovered from inside a backpack on the rear driver's seat—while he was detained outside the vehicle by police officers. The government asserts that Mr. Balkissoon "pass[ed] within arm's reach of the backpack that still held the gun," Opp. at 6, that at the time of the search, he was "within reaching distance of the Mercedes' passenger compartment, including the open backpack," Opp. at 13, that he "could easily have attempted to grab the gun from the backpack as he fled." *Id*.[1] These allegations, too, are contradicted by the

---

[1] Following the government's assertion that Mr. Balkissoon could "easily" have attempted to grab the gun from inside a bag, on the rear *driver's side* seat while surrounded by officers beyond

documentary evidence. *Compare* Opp. Ex. A2 (bag containing gun on rear driver's side seat) *with* Opp. Ex. A3 (position of Mr. Balkissoon as detained by officers) *and* Opp. Ex. A4 (position of Mr. Balkissoon by passenger side door). The width of a 2015 Mercedes-Benz E 350 is 73 inches (6 feet, 1 inch). *Used 2015 Mercedes-Benz E-Class E 350 Luxury 4MATIC Sedan Specs & Features*, Edmunds (Sept. 2, 2021), *at* https://edmu.in/3jHiSUo.

Just like the allegation of Mr. Balkissoon purportedly rolling a marijuana cigarette, if the government seeks to prove that the gun was within Mr. Balkissoon's reaching distance, contrary to their officers' own body-worn camera footage, they can endeavor to do so at a hearing, where the witnesses can be confronted by evidence. The government is asking this Court to deny Mr. Balkissoon an in-person, evidentiary hearing, that this Court has already ordered, solely on its officers' (and its own) unsworn say-so, under the curious circumstance in which the entire search and arrest are captured on multiple body worn cameras, none of which contain the allegations as listed above. These are issues of material fact warranting a hearing, and cannot be resolved on the papers.

II.     The Government Has Not Established Any Exception to the Warrant Requirement

An evidentiary hearing is further required because the government's legal arguments, flowing from its factual allegations, are incorrect. The government puts forth three justifications for the search of Mr. Balkissoon's car, each wrong. First, the government asserts that the search was justified by the search-incident-to-arrest doctrine, whether incident to stopping in a crosswalk or illegally possessing marijuana. Independently, the government argues the applicability of the automobile exception. None of these bases withstand scrutiny.

A.     Search Incident to Arrest

The government's primary argument is that officers were permitted to search the inside of a bag, inside the passenger compartment of Mr. Balkissoon's car, after they had already removed him from the car and detained him beyond reaching distance of the gun. The government's argument directly contravenes *Arizona v. Gant*. 556 U.S. 332 (2009).

Prior to *Gant*, the leading precedent, *New York v. Belton*, 453 U.S. 454 (1981), "permitted police officers to search the passenger compartment of a vehicle and any containers therein as a contemporaneous incident of an arrest of the vehicle's recent occupant." *Gant*, 555 U.S. at 337 (*citing Belton*, 453 U.S. at 460). Rather than reaffirm *Belton*, *Gant* considerably narrowed its scope: the rationale "authorizes police to search a vehicle incident to a recent occupant's arrest

───────────────

the car's trunk, or, <u>after</u> the search, as he fled past the *passenger's side* door, the government goes on to argue that the same principle is true "even if the defendant were not within reaching distance of the passenger compartment." The government is not entitled to change the facts. Respectfully, Mr. Balkissoon is not Inspector Gadget.

only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Gant*, 556 U.S. at 343.

As explained above in Part I, subject to varying testimony at an evidentiary hearing, and as depicted in Opp. Ex. A2, A3, and A4, Mr. Balkissoon, as a matter of fact, was not within reaching distance of the passenger compartment at the time of the search, nor was he unsecured. As the government notes, Mr. Balkissoon—the sole occupant of the vehicle—was stopped by six police officers: Officers Martinez, Modesto, Blum, Hassan, Gomez, and Whiteman. Opp. at 3. *Compare Belton*, 453 U.S. at 456 (Belton was one of four occupants stopped by a single police officer) *with Gant*, 556 U.S. at 344 (five officers outnumbered three arrestees). Upon Officer Hassan's discovery of marijuana in the car, he directed Mr. Balkissoon to exit the vehicle and "step behind the rear of the Mercedes with Officer Modesto." Opp. at 5; Mot. Ex. A2 (BWC of Officer Gomez); Opp. Ex. B (BWC of Officer Martinez) and C (BWC of Officer Hassan). There, Mr. Balkissoon was detained by Officers Gomez and Modesto. As the government concedes, "once the defendant stepped to the rear of the Mercedes, Officers Hassan and Martinez immediately began to search the passenger compartment." Opp. at 5. Accordingly, from his position at the rear of the Mercedes, detained by at least two of the six officers at the car stop, Mr. Balkissoon was not in reaching distance of the passenger compartment <u>at the time of the search</u>:



Mot. Ex. A2 at 1:26:48 (from the vantage of Officer Gomez's chest).

The government wholly misapprehends *Gant* by focusing not on Mr. Balkissoon's location at the time of the search, as the Supreme Court required, but rather by his position vis-a-vis the gun prior to the search. *See* Opp. at 2 (noting that the backpack containing the gun "was open and within arm's reach of the defendant as he sat in the car"); Opp. at 5 ("there was an open backpack in the rear seat of the Mercedes within arm's reach of the driver's seat"). This is inapposite. The purposes of the search-incident-to-arrest doctrine, as applied to car stops, are to "remove any weapons the arrestee might seek to use" during the search and "in order to prevent the concealment or destruction of evidence." *Gant*, 556 U.S. at 339 (*citing Chimel v. California*, 395 U.S. 752 (1969)). "If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to arrest exception

are absent and the rule does not apply." *Id.* At the time of the search, Mr. Balkissoon was not in the driver's seat; he was not sitting in the car. As depicted above, he could not reach into the bag in the backseat of the car, and the rule does not apply.

Further, the government cannot apply the rule because the officers opted not to handcuff Mr. Balkissoon, but rather to detain him by the presence of officers on either side of him. Mr. Balkissoon's privacy rights cannot be contravened by officers in this way. As the Court held in *Gant*, "Construing *Belton* broadly to allow vehicle searches incident to any arrest would serve no purpose except to provide a police entitlement, and it is anathema to the Fourth Amendment to permit a warrantless search on that basis." *Id.* at 347. Perhaps it was tactically unwise for the officers not to restrain Mr. Balkissoon, which permitted him—during the search, *after* the discovery of the gun—to run several steps before being tackled. But that choice by the officers did not then permit them to search the containers within his car *because* he was not handcuffed.

Because the government has not established that Mr. Balkissoon was in fact "unsecured and in reaching distance of the passenger compartment at the time of the search," the officers could not lawfully search his car pursuant to the search-incident-to-arrest doctrine. *Gant*, 556 at 343. But even if he was, neither of the government's predicates justify the application of the rule. First, the government asserts that the car could be searched incident to the traffic infraction, N.Y.V.T.L. § 1202(a)1.d, stopping or standing on the pedestrian crosswalk. But *Gant* literally precludes this argument, because "in many cases, as when a recent occupant is arrested for a traffic infraction,"—as Balkissoon was—"there will be no reasonable basis to believe the vehicle contains relevant evidence." 556 U.S. at 343. *Gant*, 556 U.S. at 343 (*citing Thornton v. United States*, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)).

Second, the government argues that the officers could search the car's containers incident to probable cause for "illegally possessing marijuana." Opp. at 12. But the government misapprehends the change in law that took effect on August 28, 2019—a year and a half before Mr. Balkissoon's 2021 arrest. On the date of the arrest, Mr. Balkissoon did not "illegally possess" marijuana, because possession had been decriminalized, and was no longer unlawful. Rather, that possession was a non-criminal violation punishable only by a fine of not more than fifty dollars. The government's reliance on a 2016 district court case that predates decriminalization is therefore misplaced. And the government is also wrong, as a matter of law, that "having already found marijuana in plain view in the center console of the vehicle, the defendant's open backpack in the back seat was an obvious place to look for more marijuana." Opp. at 14. While the officers may well desire to poke around in other places and other containers for more evidence, the Fourth Amendment does not give them that right. Observing one sealed package of marijuana is a completed offense that does not, on its own, give rise to a "reasonable basis" that there will be more of it elsewhere; that would "seriously undervalue the privacy interests at stake." *Gant*, 556 U.S. at 344-45.

In any event, the government's argument fails because of an additional change in New York law predating Mr. Balkissoon's arrest. The government points to N.Y. Crim. Proc. Law § 140.10(1)(a) for the premise that "New York law provides that, 'a police officer may arrest a

person for...[a]ny offense when he or she has reasonable cause to believe that such person has committed such offense in his or her presence." Opp. at 11-12. But that Section of New York law was modified, effective January 1, 2020, by N.Y. Crim. Proc. Law § 150.20. As of that date, New York law required that whenever a police officer is authorized to make a warrantless arrest other than for an A, B, C, or D felony, or for certain offenses not relevant here, unless certain exceptions apply, the officer "shall" "instead" issue and serve upon the person an appearance ticket. N.Y. Crim. Proc. Law § 150.20. None of the exceptions apply to traffic infractions, to marijuana possession, or to Mr. Balkissoon's personal circumstances. Accordingly, at the time of the search, the officers lacked probable cause <u>to arrest</u> him, and the search-incident-to-arrest doctrine is inapplicable.

B.     Automobile Exception

Finally, the government submits that the warrantless search of Mr. Balkissoon's car was justified by the automobile exception. Opp. at 14-19. As in Part I, the parties contest the officers' observations and accusation that Mr. Balkissoon was rolling a marijuana cigarette that he would imminently smoke. The parties do not contest that the officers observed one single, sealed, 1.67 gram, commercially packaged pouch of marijuana, or that Mr. Balkissoon stated, "this is all the marijuana I have." From that evidence and statement, the government infers that contrary to his word, they had probable cause to search the entirety of the vehicle "for marijuana." Opp. at 16. But that is not what the officers did here.

As explained in his motion, the officers were not searching for marijuana. They were clearly searching for a gun. *See* Mot. at 3-4 ("I notice that you got arrested awhile back for a firearm...let me explain something to you. Because that's on your record, we have to make the assumption that you probably have it."). In context, it does not rationally follow that the officers are assuming that because he had a prior gun conviction, he probably has more marijuana. Rather, they assumed he had another gun, and they assumed that because they observed a sealed pouch of marijuana, they were permitted to look high and low, in door panels, center consoles, and glove compartments, and inside back packs on the backseat, to find it. This is not what the law allows.

As the New York Appellate Division recognized in *Ponder*, the automobile exception rests upon a "factual nexus between the possession of an amount of marijuana consistent with personal consumption and a search for contraband," there, in the trunk of the vehicle. The government differentiates the trunk from the bag in the backseat because of its accessability to the defendant. But that criteria is relevant to the search-incident-to-arrest doctrine, not the automobile exception. The law and practice with regard to the possession of marijuana in New York following decriminalization in 2019 is profoundly different than it was in 1981, when the Second Circuit decided *United States v. Jackson*. 652 F.2d 244, 252 n.6 (2d Cir. 1981). The non-precedential district court cases upon which the government relies, too, predate decriminalization.

With the change in state law, and stop by state police officers, the constitutional framework must change: citizens cannot, on the one hand, be told that possession of marijuana is no longer a crime, but on the other, it provides probable cause for a search of closed containers within their vehicle. The officers in this case acted under an apparent belief that observing marijuana in a sealed bag, even following decriminalization, gave them a free search of every part of Balkissoon's car, and every bag therein, to find whatever they may. Doing so is wholly untethered to the basis for the automobile exception, and with the change in law, is no longer supportable. Following an evidentiary hearing, this Court should follow *Ponder*.

    III.    Conclusion

For all of the above reasons, there exist material disputes of fact that must be resolved at an evidentiary hearing before the Court may properly apply the law. Such a hearing is already scheduled for October 6, 2021. The Court should hold that hearing, and then, upon argument, suppress the firearm recovered.

Respectfully submitted,

       /s/

Mia Eisner-Grynberg
Assistant Federal Defender
(718) 330-1257

cc:    AUSA Garen Marshall

# EXHIBIT A



NYPD **PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No **3001310415**

| Invoicing Command | | | | | | Invoice Status |
|---|---|---|---|---|---|---|
| **67TH PCT.** | | | | | | **OPEN** |

| Invoice Date | Property Type | | | | Property Category |
|---|---|---|---|---|---|
| **02/07/2021** | **FIREARM** | | | | **ARREST EVIDENCE** |

| Officers | Rank | Name | | Tax No | Command | | | |
|---|---|---|---|---|---|---|---|---|
| Invoicing | POM | HASSAN, HAROONUL | ▆ | | 67TH PRECINCT | OCME. EU No. | | |
| Arresting | POM | HASSAN, HAROONUL | ▆ | | 67TH PRECINCT | OCME. FB No. | | |
| Investigating | N/A | | | | | Police Lab Evid. Ctrl. No. | | |
| Det Squad Supervisor | N/A | | | | | Det Sqd Case No | N/A | |
| CSU/ECT Processing | POM | KURYJ, PAWEL | ▆ | | PBBS ACU | CSU/ECT Run No | 318/21 | |

| Item | Total QTY | Article(s) | PETS No | Pkg QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 1 | PISTOL | 1204420057 | 1 | |
| | | MAKE: SMITH & WESSON MODEL: SW9VE CALIBER: 9MM | | | |
| | | FIREARM COLOR: BLACK SERIAL NO. EXISTS: YES | | | |
| | | SERIAL NO.: DVN9583 LICENSE ACTIVE: NO | | | |
| | | MARKED HH1 | | | |
| 2 | 1 | MAGAZINE | 1204420057 | 1 | |
| | | MAKE: SMITH & WESSON | | | |
| | | MARKED HH2 | | | |
| 3 | 5 | CARTRIDGE | 1204420057 | 5 | |
| | | CALIBER: 9MM | | | |
| | | MARKED HH3 - HH7 | | | |

**REMARKS:**
964549 02/07/2021 06:32 : AT TPO ABOVE ITEMS VOUCHERED IN REGARDS TO ARREST AND SENT TO LAB FOR ANALYSIS

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|
| 02/07/2021 | 26502/CRIM POSS WEAPON | FELONY | N/A | | **REFUSED** |

| Prisoner(s) Name | | D.O.B | Age | Address | Arrest No /Summons No. NYSID No |
|---|---|---|---|---|---|
| 1 | BALKISSOON, KYLE | 02/05/1995 | 26 | 1400 BERGEN STREET, 2A, BROOKLYN, NY | K21604954        11597820N |

| | Name | | Tax No | Address | Phone. No |
|---|---|---|---|---|---|
| Finder(s) | HASSAN, HAROONUL | ▆ | | 1 POLICE PLAZA NEW YORK, NY 10038. | |
| Owner(s) | BALKISSOON, KYLE | | | 1400 BERGEN STREET, 2A, BROOKLYN, NY | 347-635-9918 |
| Complainant(s) | PSNY | | | | |

| Complaint No. | 2021-067-01081 |
|---|---|
| Related Comp No (s) | N/A |
| Aided/Accident No (s) | N/A |
| Related Invoice(s) | 3001310478 |

Invoice No **3001310415**

Arresting Officer Copy
printed 02/07/2021 14:56

PCD Storage No. --

Page No 1 of 2

KB000038

15

 NYPD **PETS** PROPERTY and EVIDENCE
TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev 11/09)



Invoice No. **3001310415**

| Approvals | Rank | Name | Tax No | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | POM | MARTINEZ, JULIO | | 67TH PRECINCT | 02/07/2021 | 01:56 |
| Invoicing Officer | POM | HASSAN, HAROONUL | | 67TH PRECINCT | 02/07/2021 | 14:56 |
| Approved By | SGT | WHITEMAN, MICHAEL | | 67TH PRECINCT | 02/07/2021 | 14:56 |



Invoice No. **3001310415**

Arresting Officer Copy
printed 02/07/2021 14 56

PCD Storage No. ---

Page No 2 of 2

KB000039

# EXHIBIT B



## NYPD**PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
### Property Clerk Invoice
PD 521-141(Rev. 11/09)



Invoice No **3001310454**

| Invoicing Command | | | | | | Invoice Status |
|---|---|---|---|---|---|---|
| **67TH PCT.** | | | | | | **OPEN** |

| Invoice Date | Property Type | | | | Property Category |
|---|---|---|---|---|---|
| **02/07/2021** | **CONTROLLED SUBSTANCE** | | | | **ARREST EVIDENCE** |

| Officers | Rank | Name | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | POM | HASSAN, HAROONUL | | 67TH PRECINCT | OCME. EU No. | |
| Arresting | POM | HASSAN, HAROONUL | | 67TH PRECINCT | OCME. FB No. | |
| Investigating | N/A | | | | Police Lab Evid. Ctrl. No. | |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. | N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A |

| Item | Total QTY | Article(s) | | | PETS No. | Pkg QTY | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | 1 | **MARIJUANA** | | | 1204419127 | | |
| | | COLOR: GREEN, DARK PACKAGED IN: ZIP LOCK BAG | | | -1400135394 | 1 | |
| | | FORM: VEGETATIVE | | | | | |
| | | NARCOTIC IS: FIELD TESTED POSITIVE | | | | | |
| | | ASSORTED COLOR ZIP LOCK BAG. | | | | | |
| 2 | 1 | **SCALE** | | | 1204419127 | | |
| | | MAKE: CR COLOR: BLACK | | | -1400135394 | 1 | |

**REMARKS:**
964549 02/07/2021 04:35 :  ABOVE LISTED ITEMS VOUCHERED IN REGARDS TO ARREST AS ARREST EVIDENCE.

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|
| 02/07/2021 | 26502/CRIM POSS WEAPON | FELONY | N/A | | REFUSED |

| Prisoner(s) Name | | DOB | Age | Address | Arrest No /Summons No | NYSID No |
|---|---|---|---|---|---|---|
| 1 | BALKISSOON, KYLE | 02/06/1995 | 26 | 1400 BERGEN STREET, 2A, BROOKLYN, NY | K21604954 | 11597620N |

| | Name | Tax No. | Address | | Phone. No |
|---|---|---|---|---|---|
| Finder(s) | HASSAN, HAROONUL | | 1 POLICE PLAZA  NEW YORK, NY  10038. | | |
| Owner(s) | BALKISSOON, KYLE | | 1400 BERGEN STREET, 2A, BROOKLYN, NY | | 347-635-9918 |
| Complainant(s) | PSNY | | | | |

| Complaint No. | 2021-067-01081 |
|---|---|
| Related Comp No.(s) | N/A |
| Aided/Accident No (s) | N/A |
| Related Invoice(s) | 3001310415 |



Invoice No **3001310454**

### Arresting Officer Copy
printed 02/07/2021 14:36

PCD Storage No. --

Page No. 1 of 2

KB000042

19

 

**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
Property Clerk Invoice
PD 521-141(Rev. 11/09)

Invoice No. **3001310454**

| Approvals | Rank | Name | Tax No | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | POM | HASSAN, HAROONUL | | 67TH PRECINCT | 02/07/2021 | 04:21 |
| Invoicing Officer | POM | HASSAN, HAROONUL | | 67TH PRECINCT | 02/07/2021 | 14:35 |
| Approved By | SGT | WHITEMAN, MICHAEL | | 67TH PRECINCT | 02/07/2021 | 14:35 |



Invoice No. **3001310454**

Arresting Officer Copy
printed: 02/07/2021 14:36

PCD Storage No. --

Page No. 2 of 2

20

KB000043

# EXHIBIT C

 NYPD **PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



| Invoicing Command | | | | | | Invoice Status |
|---|---|---|---|---|---|---|
| **67TH PCT.** | | | | | | **OPEN** |

| Invoice Date | | Property Type | | | | Property Category |
|---|---|---|---|---|---|---|
| **02/07/2021** | | **GENERAL PROPERTY** | | | | **ARREST EVIDENCE** |

| Officers | Rank | Name | Tax No | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | POM | HASSAN, HAROONUL | | 67TH PRECINCT | OCME. EU No | |
| Arresting | POM | HASSAN, HAROONUL | | 67TH PRECINCT | OCME. FB No | |
| Investigating | N/A | | | | Police Lab Evid. Ctrl. No | |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. | N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A |

| Item | Total QTY | Article(s) | | | PETS No | Pkg. QTY | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | 1 | OTHER CONTAINER | | | 1204420058 | 1 | |
| | | COLOR: BLACK MAKE; SAINT LAURENT | | | | | |
| | | BLACK CLOTH BAG | | | | | |

**REMARKS:**
964549 02/07/2021 06:10 : AT TPO ITEM VOUCHERED AS ARREST EVIDENCE IN REGARDS TO FIREARM VOUCHER 3001310415

| Date Of Incident | Penal Code/Description | | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|---|
| 02/07/2021 | 26502/CRIM POSS WEAPON | | FELONY | N/A | | REFUSED |

| Prisoner(s) Name | | DOB | Age | Address | Arrest No./Summons No. NYSID No |
|---|---|---|---|---|---|
| 1 | BALKISSOON, KYLE | 02/06/1995 | 26 | 1400 BERGEN STREET, 2A, BROOKLYN, NY | 11597620N |

| | Name | Tax No | Address | Phone No |
|---|---|---|---|---|
| Finder(s) | HASSAN, HAROONUL | | 1 POLICE PLAZA  NEW YORK, NY  10038. | |
| Owner(s) | BALKISSOON, KYLE | | 1400  BERGEN STREET, 2A, BROOKLYN, NY | 347-635-9918 |
| Complainant(s) | PSNY | | | |

| Complaint No. | 2021-067-01081 |
|---|---|
| Related Comp No (s) | N/A |
| Aided/Accident No (s) | N/A |
| Related Invoice(s) | 3001310415 |

| Approvals | Rank | Name | Tax No | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | POM | HASSAN, HAROONUL | | 67TH PRECINCT | 02/07/2021 | 06:08 |
| Invoicing Officer | POM | HASSAN, HAROONUL | | 67TH PRECINCT | 02/07/2021 | 06:11 |
| Approved By | SGT | WHITEMAN, MICHAEL | | 67TH PRECINCT | 02/07/2021 | 06:11 |



PCD Storage No. --

**Arresting Officer Copy**
printed 02/07/2021 06:12

Page No. 1 of 1

Invoice No. **3001310478**

KB000044

# EXHIBIT D

 NYPD **PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **3001310473**

| Invoicing Command | | | | | | Invoice Status |
|---|---|---|---|---|---|---|
| **67TH PCT.** | | | | | | **OPEN** |

| Invoice Date | | Property Type | | | | Property Category |
|---|---|---|---|---|---|---|
| **02/07/2021** | | **GENERAL PROPERTY** | | | | **INVESTIGATORY** |

| Officers | Rank | Name | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | POM | HASSAN, HAROONUL | | **67TH PRECINCT** | OCME. EU No. | |
| Arresting | POM | HASSAN, HAROONUL | ▉ | **67TH PRECINCT** | OCME. FB No. | |
| Investigating | N/A | | | | Police Lab Evid. Ctrl. No. | |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. | N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A |

| Item | Total QTY | Article(s) | | | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | 1 | CELL PHONE | | | 1204420059 | 1 | |
| | | COLOR: **BLACK** MAKE: **APPLE** MODEL: **IPHONE** | | | | | |
| | | NO IMEI # AVAILABLE, CELL PHONE PASSWORD | | | | | |
| | | PROTECTED | | | | | |
| 2 | 1 | CELL PHONE - ACCESSORIES | | | 1204420059 | 1 | |
| | | COLOR: **BLACK** | | | | | |
| | | CELL PHONE CASE | | | | | |

**REMARKS:**
964549 02/07/2021 06:01 : THE ABOVE ITEMS WERE VOUCHERED FOR INVESTIGATORY.

| Date Of Incident | Penal Code/Description | | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|---|
| **02/07/2021** | **26502/CRIM POSS WEAPON** | | **FELONY** | **N/A** | | **ACCEPTED** |

| Prisoner(s) Name | | D.O.B | Age | Address | | | Arrest No /Summons No | NYSID No |
|---|---|---|---|---|---|---|---|---|
| 1 | **BALKISSOON, KYLE** | 02/06/1995 | 26 | 1400 BERGEN STREET, BROOKLYN, NY | | | | 11597620N |

| | Name | Tax No | Address | | Phone. No |
|---|---|---|---|---|---|
| Finder(s) | | | | | |
| Owner(s) | **BALKISSOON, KYLE** | | 1400 BERGEN STREE, BROOKLYN, NY | | |
| Complainant(s) | **PSNY** | | | | |

| Complaint No. | **2021-067-01081** |
|---|---|
| Related Comp No.(s) | **N/A** |
| Aided/Accident No.(s) | **N/A** |
| Related Invoice(s) | **N/A** |


Invoice No. **3001310473**

**Property Clerk Copy**
printed 02/07/2021 06:02

PCD Storage No. --

Page No. **1 of 2**

KB000045

22

 NYPD **PETS** PROPERTY and EVIDENCE
TRACKING SYSTEM
Property Clerk Invoice
PD 521-141(Rev. 11/09)



Invoice No. **3001310473**

| Approvals | Rank | Name | Tax No | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | POM | HASSAN, HAROONUL | | 67TH PRECINCT | 02/07/2021 | 05:53 |
| Invoicing Officer | POM | HASSAN, HAROONUL | | 67TH PRECINCT | 02/07/2021 | 06:02 |
| Approved By | SGT | WHITEMAN, MICHAEL | | 67TH PRECINCT | 02/07/2021 | 06:02 |



Invoice No. **3001310473**

Property Clerk Copy
printed: 02/07/2021 06:02

PCD Storage No. ---

Page No. 2 of 2

23

KB000046

# EXHIBIT E

 NYPD **PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **3001310456**

| Invoicing Command | | | | | Invoice Status |
|---|---|---|---|---|---|
| **67TH PCT.** | | | | | **OPEN** |

| Invoice Date | Property Type | | | Property Category |
|---|---|---|---|---|
| **02/07/2021** | **GENERAL PROPERTY** | | | **ARREST EVIDENCE** |

| Officers | Rank | Name | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | POM | HASSAN, HAROONUL | ▮ | 67TH PRECINCT | OCME. EU No. | |
| Arresting | POM | HASSAN, HAROONUL | | 67TH PRECINCT | OCME. FB No. | |
| Investigating | N/A | | | | Police Lab Evid. Ctrl. No. | |
| Det Squad Supervisor | N/A | | | | Det.Sqd. Case No. | N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A |

| Item | Total QTY | Article(s) | PETS No | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 1 | BACK PACK<br>COLOR: BLACK MAKE: MOSCHINO | 1300707998 | 1 | |
| 2 | 1 | OTHER ACCESSORY<br>MAKE: PRADA COLOR: BLACK<br>BLACK PRADA EYEGLASS CASE | 1300707998 | 1 | |
| 3 | 1 | BATTERY<br>COLOR: BLACK<br>BATTERY POWERBANK | 1300707998 | 1 | |
| 4 | 1 | HEADPHONE<br>COLOR: WHITE | 1300707998 | 1 | |
| 5 | 1 | WIRES<br>COLOR: WHITE<br>WHITE CHARGING CABLE | 1300707998 | 1 | |
| 6 | 2 | OTHER ELECTRONICS<br>COLOR: MULTICOLORED<br>CHARGING BLOCKS | 1300707998 | 2 | |
| 7 | 1 | NOTEBOOK<br>COLOR: BLUE | 1300707998 | 1 | |
| 8 | 1 | NOTEBOOK<br>COLOR: RED MAKE: CARTIER | 1300707998 | 1 | |
| 9 | 1 | NOTEBOOK<br>COLOR: BLACK MAKE: STEINWAY | 1300707998 | 1 | |



Invoice No. **3001310456**

Arresting Officer Copy
printed 02/07/2021 05:21

PCD Storage No. **

Page No. 1 of 3

25

KB000047

 

**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)

Invoice No. **3001310456**

| Item | Total QTY | Article(s) | PETS No | Pkg. QTY | Disposition |
|------|-----------|-----------|---------|----------|-------------|
| | | PLANNER | | | |
| 10 | 1 | **CELL PHONE** | **1300707998** | 1 | |
| | | COLOR: BLUE MAKE: UNK IMEI #: 357485092871740 | | | |
| | | . | | | |
| 11 | 1 | **CELL PHONE** | **1300707998** | 1 | |
| | | COLOR: GRAY MAKE: LG IMEI #: 355437107837408 | | | |
| | | . | | | |
| 12 | 1 | **CELL PHONE** | **1300707998** | 1 | |
| | | COLOR: BLACK MAKE: APPLE MODEL: **IPHONE** | | | |
| | | IMEI N/A | | | |
| 13 | 1 | **BACK PACK** | **1300707998** | 1 | |
| | | COLOR: GRAY | | | |
| | | ISLAND GARDEN BASKETBALL BOOKBAG | | | |
| 14 | 28 | **MISC PAPERS** | **1300707998** | 28 | |
| | | | | | |
| 15 | 64 | **MISC PAPERS** | **1300707998** | 64 | |
| | | DOCUMENT HOLDER'S NAME: **KYLE BALKISSOON** | | | |
| | | . | | | |
| 16 | 1 | **IDENTIFICATION CARD** | **1300707998** | 1 | |
| | | DOCUMENT HOLDER'S NAME: **KYLE BALKISSOON** | | | |
| | | NUMBER: **302436750** | | | |
| | | ISSUER'S NAME: **NEW YORK STATE** | | | |
| | | **LEARNERS PERMIT** | | | |
| 17 | 1 | **DRIVING LICENSE** | **1300707998** | 1 | |
| | | DOCUMENT HOLDER'S NAME: **KYLE BALKISSOON** | | | |
| | | NUMBER: **302436750** | | | |
| | | ISSUER'S NAME: **NEW YORK STATE** | | | |
| | | **INTERIM LICENSE** | | | |

**REMARKS:**
**964549 02/07/2021 04:56 : AT TPO ITEMS VOUCHERED AS ARREST EVIDENCE. PENDING ARREST NUMBER**

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | Receipt |
|------------------|----------------------|---------------------|-----------|---------|
| 02/07/2021 | 26502/CRIM POSS WEAPON | **FELONY** | **N/A** | **REFUSED** |

| Prisoner(s) Name | | D.O.B | Age | Address | Arrest No./Summons No. | NYSID No |
|------------------|--|-------|-----|---------|------------------------|----------|
| 1 | **BALKISSOON, KYLE** | **02/06/1995** | **26** | **1400 BERGEN STREET, 2A, BROOKLYN, NY** | | **11597620N** |
| | Name | | Tax No. | Address | Phone No | |



Invoice No. **3001310456**

**Arresting Officer Copy**
printed 02/07/2021 05:21

PCD Storage No. --

Page No **2** of **3**

26

KB000048

 NYPD **PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **3001310456**

| | Name | | Tax No | Address | | | | Phone No |
|---|---|---|---|---|---|---|---|---|
| Finder(s) | HASSAN, HAROONUL | | | 1 POLICE PLAZA NEW YORK, NY 10038. | | | | |
| Owner(s) | BALKISSON, KYLE | | | 1400 BERGEN STREET, 2A, BROOKLYN, NY | | | | 347-635-9918 |
| Complainant(s) | PSNY | | | | | | | |

| | | |
|---|---|---|
| Complaint No. | **2021-067-01081** | |
| Related Comp No (s) | N/A | |
| Aided/Accident No (s) | N/A | |
| Related Invoice(s) | N/A | |

| Approvals | Rank | Name | Tax No | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | POM | HASSAN, HAROONUL | | **67TH PRECINCT** | 02/07/2021 | 04:28 |
| Invoicing Officer | POM | HASSAN, HAROONUL | | **67TH PRECINCT** | 02/07/2021 | 05:21 |
| Approved By | SGT | WHITEMAN, MICHAEL | | **67TH PRECINCT** | 02/07/2021 | 05:21 |



Invoice No. **3001310456**

**Arresting Officer Copy**
printed: 02/07/2021 05:21

PCD Storage No. --

Page No **3** of **3**

KB000049

# **EXHIBIT F**

 **NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev.11/09)



Invoice No **3001310450**

| Invoice Date | Invoice Status |
|---|---|
| **02/07/2021** | **OPEN-CEU REVIEW PENDING** |

| Invoicing Command | Property Type | Property Category |
|---|---|---|
| **67TH PRECINCT** | **VEHICLE / BOAT** | **FORFEITURE** |

| Officers | Rank | NAME | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | POM | HASSAN,HAROONUL | ▓ | 67TH PRECINCT | ADA Office | |
| Arresting | POM | HASSAN,HAROONUL | ▓ | 67TH PRECINCT | ADA Name | |
| Investigating | N/A | | | | ADA Phone | |
| Det Squad Supervisor | N/A | | | | Det Sqd Case No | N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No | N/A |
| Owner Notified By | POM | HASSAN,HAROONUL | ▓ | 67TH PRECINCT | Date | Time : |
| How the Owner was Notified: | | | | | | |

### Vehicle Details

| Vehicle year: **2015** | Make: **MERCEDES-BENZ** | Model: **E 350** | Type: **4 DOOR SEDAN** | Color: **BLACK** |
|---|---|---|---|---|

Veh.Ident. No: **WDDHF8JB6FB130772**     No. of Lic. Plates:   **2**     Lic. Plate No.: **JPW2420**     State: **NY - US**

Cert. Of Inspection: Ser. No: **3307115**     State: **NY - US**     Yr. **2021**     Vehicle Running: **YES**

PETS# **6582729**

Additional description: .

Location Veh/Boat Obtained:  **EAST 34 STREET/CORTELYOU ROAD,BROOKLYN,NY-11226**

Time:  **02:00**   Date: **02/07/2021**     Personel Property Removed: **NO**     Recovery Premise Type: **STREET**

Department Tow Operator:     Name:

Alarm No:     Truck #

### REMARKS:
**964549 02/07/2021 04:42 : ABOVE LISTED ITEM IS BEING VOUCHERED FOR FORFEITURE**

| Date of Incident | Penal Code/Description | Class Classification | Related To | Receipt |
|---|---|---|---|---|
| 02/07/2021 | 26502/CRIM POSS WEAPON | FELONY | | REFUSED |

| Prisone(s) Name | | DOB | Age | Address | | Arrest No | NYSID No |
|---|---|---|---|---|---|---|---|
| 1 | BALKISSOON,KYLE | 02/06/1995 | 26 | 22 S 1ST STREET, NEW HYDE PARK, NY- 11040 | | | 11597620N |

| | Name | Tax No. | Address | Phone No |
|---|---|---|---|---|
| Finder(s) | | | | |
| Registered Owner | BALKISSOON,KYLE | | 2,S 1ST STREET,NEW HYDE PARK,NY-11040 | |
| Titled Owner | BALKISSOON,KYLE | | 22,S 1ST STREET,NEW HYDE PARK,NY-11040 | |
| Vehicle Taken From | BALKISSOON,KYLE | | 22,S 1ST STREET,NEW HYDE PARK,NY-11040 | |

Related Comp No.(s)     **N/A**



Invoice No **3001310450**

**ADA Copy**
printed 02/07/2021 04:44

PCD Storage No. **--**

Page No **1** of **3**

32

KB000050



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev 11/09)



Invoice No **3001310450**

| Complaint No. | **2021-067-01081** |
| Aided/Accident No.(s) | **N/A** |
| Related Invoice(s) | **N/A** |

## Inspection Details
*Inspection Desc:* INVOICING INSPECTION          02/07/2021 04:39   *Inspection Performed by* HAROONUL, HASSAN   *Tax ID* 964549

| No of Tires: | **04** | No of Airbags: | **NONE** | Battery | **YES** | Radio | **NONE** | Additional Audio Equipment | **NONE** |
| Special Wheels: | **NONE** | Wheel Covers: | **NONE** | Keys with Vehicle: | **IGNITION & TRUNK** | Trunk: | **LOCKED** | Glove Compartment | **LOCKED** |

| Exterior Condition: | **FAIR** | | Interior Condition | **FAIR** | | Odometer Reading | **60592** |

**Additional equipment or Accessories:**
*(Indicate Which)*

**List Missing or Damaged Parts:  NONE**
*(Indicate Which)*

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered by | POM | HASSAN,HAROONUL | ■ | 67TH PRECINCT | 02/07/2021 | 04:13 |
| Invoicing Officer | POM | HASSAN,HAROONUL | ■ | 67TH PRECINCT | 02/07/2021 | 04:44 |
| Approved By | SGT | WHITEMAN,MICHAEL | ■ | 67TH PRECINCT | 02/07/2021 | 04:44 |

PCD Storage No. --



Invoice No **3001310450**

**ADA Copy**
printed: 02/07/2021 04:44

Page No **2** of **3**

33

KB000051

# EXHIBIT G

